# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50063 | **DATE** | 2/17/2012 |
| **CASE TITLE** | Saunders-El v. Rohde, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's objection to the Magistrate's order quashing the subpoena [32] is overruled.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff's complaint alleges violations of his due process rights under the Fifth and Fourteenth Amendments. Specifically, plaintiff alleges that defendants violated his right to a fair trial in a criminal case by fabricating evidence and concealing it from both the prosecutor and plaintiff's criminal defense counsel. The complaint also alleges state law claims for malicious prosecution and intentional infliction of emotional distress.

On November 4, 2011, plaintiff issued a subpoena to Winnebago County Assistant State's Attorney Alison Meason, requesting that she appear for a deposition and produce materials related to the criminal prosecution of plaintiff. Meason is alleged to have been the prosecutor in plaintiff's criminal case, but it not a defendant in this action. On November 16, 2011, Meason moved to quash the subpoena, arguing that it was overly broad, unduly burdensome, irrelevant, and would have a chilling effect on future prosecutions.

Plaintiff claims that Meason's testimony is necessary to show that she would not have proceeded with plaintiff's criminal prosecution had she been aware that certain evidence was fabricated. Plaintiff frames his argument in terms of a Brady violation, arguing that there is a particular importance to taking a prosecutor's deposition in situations where the former criminal defendant was acquitted. See Brady v. Maryland, 373 U.S. 83 (1963). On December 23, 2011, the magistrate judge issued an order finding that plaintiff does not allege a Brady violation "by demonstrating that some of the inculpatory evidence should have been excluded." Kyles v. Whitley, 514 U.S. 419, 435 (1995). The magistrate judge found that plaintiff must show a particularized need to justify taking Meason's deposition and examining documents in her files, noting that the requests in plaintiff's subpoena are overly broad in light of the limited and specific purpose for which they may be potentially relevant. The court's order stated that the court would consider allowing plaintiff to proceed with an appropriate deposition by writing if it were narrowly tailored to a particularized need.

Currently before the court are plaintiff's objections to the magistrate judge's order quashing the subpoena, pursuant to Federal Rule of Civil Procedure 72(a). After review of the objections, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co. Ltd.,

126 F.3d 926, 943 (7th Cir. 1997).

Plaintiff objects to the magistrate judge's finding that his due process claim may not be analyzed under Brady. He also objects to the court's "implicit finding that the materiality of the suppressed evidence was only relevant to show the existence of a Brady claim." Finally, plaintiff objects to the court's finding that the state's interest in protecting the privacy of internal files and in maintaining prosecutorial discretion outweighs plaintiff's interest in "finding out how material the prosecutor thought the evidence was in the prosecution of Plaintiff or why she did not turn over any fact suggesting that any of the prosecution's evidence was falsified or fabricated."

After a thorough review of the magistrate judge's order and the plaintiff's objection thereto, the court concludes that the order is not clearly erroneous or contrary to law. As to plaintiff's first objection, the Supreme Court held in Brady that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution. Brady, 373 U.S. at 87. As the magistrate judge noted, the Supreme Court has found that the inclusion of inculpatory evidence that should have been excluded does not constitute a Brady violation. Kyles v. Whitley, 514 U.S. 419, 435 (1995). Plaintiff fails to cite any precedent indicating that the magistrate judge's determination that Brady does not cover the improper inclusion of inculpatory evidence was clearly erroneous or contrary to law.

With respect to plaintiff's second objection, plaintiff appears to be suggesting that he has additional justification for taking Meason's deposition beyond his Brady violation argument. However, as the magistrate judge's order recognized, plaintiff did not advance any argument in favor of taking Meason's deposition other than pursuant to Brady. Indeed, the order recognizes that, even in the absence of a Brady violation, plaintiff may have an interest in the information Meason relied upon when deciding whether to proceed with his prosecution. The order states that the court would consider allowing plaintiff to proceed with an appropriate deposition by writing if it were narrowly tailored to a particularized need. The magistrate judge's order, then, did acknowledge that plaintiff may have other, viable reasons for taking Meason's deposition, and plaintiff has not advanced any other argument to show that it was clearly erroneous or contrary to law on this basis.

Finally, plaintiff has not offered any argument in support of his claim that the magistrate judge's finding that the state's interest outweighs plaintiff's interest in "finding out how material the prosecutor thought the evidence was in the prosecution of Plaintiff or why she did not turn over any fact suggesting that any of the prosecution's evidence was falsified or fabricated" was clearly erroneous or contrary to law. The court cannot engage in de novo review of the issue, and in the absence of any argument as to how the magistrate judge improperly weighed the parties' interests, the court cannot reach the "definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943.

After a thorough review of the magistrate judge's order to quash the subpoena and plaintiff's objections thereto, the court concludes that the order is not clearly erroneous or contrary to law. Accordingly, plaintiff's objections to the order are overruled.